IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

|   |   |   |
|---|---|---|
| JORGE VILLAREAL NUNEZ, DAVID ALEXANDER GARZA, JAVIER VILLAREAL NUNEZ, FRANCISCO SOLIS, and FERNANDO GONZALES, § § § § § § § § | | |
| Plaintiffs, | § | CIVIL ACTION NO. G-04-605 |
| v. | § § | |
| RINKER'S BOAT WORLD, | § | |
| Defendant. | § § § § | |

**ORDER ON RINKER BOAT WORLD'S MOTIONS FOR SUMMARY JUDGMENT**

This case arises out of the sinking of a pleasure boat in the Gulf of Mexico. Defendant Rinker's Boat World, Inc. ("RBW") filed a Motion for Partial Summary Judgment against Plaintiffs and a Motion for Summary Judgment against Third-Party Defendants Rinker Boat Company, Inc. and its successor, Rinker Boat Company, L.L.C. For the following reasons, RBW's Motion for Partial Summary Judgment against Plaintiffs is hereby **GRANTED**, and RBW's Motion for Summary Judgment against Third-Party Defendants is **GRANTED IN PART AND DENIED IN PART**.

**I. Summary Judgment Standard**

Summary judgment is appropriate only if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). Once the

1

moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Even when the non-movant has failed to respond or has indicated non-opposition, the motion is for summary judgment, the Court must still consider the motion on its merits. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142 (1970); *Dawkins v. Green*, 412 F.2d 644, 646 (5th Cir. 1969). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

**II. Motion for Partial Summary Judgment against Plaintiffs**

RBW, the retailer who sold the boat to one of the Plaintiffs, moved for summary judgment on Plaintiffs' breach of warranty claims on the ground that the bill of sale specifically and overtly disclaimed all warranties, both express and implied. Plaintiffs have amended their Complaint to omit all warranty claims against RBW. As there is no longer any genuine issue of material fact on these claims, RBW's Motion for Partial Summary Judgment against Plaintiffs' Claims for Breach

of Implied and Express Warranty is hereby **GRANTED**, and Plaintiffs' breach of warranty claims against RBW ONLY are **DISMISSED WITH PREJUDICE**.

**III. Motion for Summary Judgment against Third-Party Defendants**

RBW also moved for summary judgment on its third-party claims for defense and indemnity against Rinker Boat Company, Inc. and its successor, Rinker Boat Company, L.L.C. (collectively, "RBC"). RBC has admitted that it manufactured the vessel. RBW asserts that as an innocent seller, it is entitled to defense and indemnity from RBC on Plaintiffs' strict liability and negligence claims against RBW.[1] Plaintiffs have asserted claims of design and marketing defects, failure to warn, and negligent design.

RBW states that Plaintiffs' claims, and thus its related indemnity claims, are governed by maritime law, not state products liability law. *See Jig the Third Corp. v. Puritan Marine Ins. Underwriters Corp.*, 519 F.2d 171, 174 (5th Cir. 1975) (holding that maritime law applied to negligent construction and defective design claims stemming from the sinking of a vessel on the high seas); *see also East River S.S. Corp. Transamerica Deleval, Inc.*, 476 U.S. 858, 865, 106 S. Ct. 2295, 2299, 90 L. Ed. 2d 865 (1986).[2] Regardless of whether Plaintiffs' claims arise under maritime or state law, RBW is entitled to indemnity but not defense. Under maritime law, a non-negligent

---

[1] RBW appears to assert that it is entitled to defense and indemnity on Plaintiffs' breach of warranty claims, but it does not argue this point at all. It simply states that the breach of warranty claims are covered by state law. Because RBW has not shown any reason why it is entitled to defense on those claims and because the Court's dismissal of those claims against RBW has mooted the question of indemnity, RBW's Motion for Summary Judgment is **DENIED** as to a claim for defense and indemnity on Plaintiffs' breach of warranty claims.

[2] A claim for a breach of a contract for the construction of a vessel, however, is not governed by maritime law. *See Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 759 n.3 (5th Cir. 1989).

tortfeasor is entitled to indemnity from an actually negligent tortfeasor. *See Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985). This rule applies to a defendant such as RBW, who is liable under what is essentially a theory of constructive or vicarious liability. *See id.* Under Texas law, an innocent seller is entitled to indemnity from the manufacturer on a defective product or negligent manufacture claim. *See Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 831 (5th Cir. 1992); *Duncan v. Cessna Aircraft, Inc.,* 665 S.W.2d 414, 432 (Tex. 1984). However, this right to indemnity does not attach until liability attaches. *See Marathon*, 761 F.2d at 236. RBW has not yet been found liable.

RBW is not entitled to defense under maritime or Texas law. RBW has not cited any law supporting such a recovery, nor has RBW asserted that it has a contractual right to defense. Although Plaintiffs and RBC have indicated their non-opposition to this Motion, the Court cannot grant summary judgment contrary to the law. Because RBW's right to indemnity has not attached and because RBW has no right to defense, RBC does not owe RBW any monetary sum at this time.

## IV. Conclusion

The Court is puzzled by the progress of this litigation. Plaintiffs initially sued only RBW, the apparently innocent seller of the vessel, and then later amended their Complaint to add the manufacturer. RBC failed to respond to RBW's Motion for Summary Judgment in a timely manner, and both Plaintiffs and RBC have now indicated their non-opposition to that Motion. The Court admonishes the Parties to decide on the proper claims and proper parties and then pursue those in a timely and responsible fashion.

RBW's Motion for Partial Summary Judgment against Plaintiffs is hereby **GRANTED**. Plaintiff's breach of warranty claims against RBW ONLY are **DISMISSED WITH PREJUDICE**.

RBW's Motion for Summary Judgment is **DENIED** as to the claim for defense and indemnity on Plaintiffs' breach of warranty claims, **GRANTED** as to the claim for indemnity on Plaintiffs' strict liability and negligence claims, and **DENIED** as to the claim for defense against Plaintiffs' strict liability and negligence claims. Each Party is to bear its own taxable costs, attorney's fees, and expenses incurred herein to date. A Final Judgment addressing these and all other claims will be entered in due course.

**IT IS SO ORDERED**.

**DONE** this 14th day of July, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge